**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff,*
David Schroeder

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCHROEDER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>**Plaintiff,**<br><br>v.<br><br>TRANSUNION, LLC;<br><br>**Defendant.** | Case No.: '16CV2804 CAB JLB<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit

reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

2. DAVID SCHROEDER ("Plaintiff"), by Plaintiff's attorneys, brings this class action complaint to challenge the actions of TRANSUNION, LLC ("Defendant" or "TransUnion") with regard to Plaintiff's free annual consumer report, which was provided in audio form and not in written form without Plaintiff's authorization.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

**COMPLAINT**

6. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §§ 1681, *et seq.*

9. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

10. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)-(c) because Plaintiff is a resident of San Diego County, California and because Defendant is subject to personal jurisdiction in the County of San Diego, State of California as it conducts business there and is registered with the California Secretary of State, with its principal address in Illinois.  Venue is also proper because the harm caused by Defendant, giving rise to this action, occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person who resides in the County of San Diego, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a limited liability company authorized to conduct business in the State of California; with its principal place of business in Chicago, Illinois, and State of Incorporation in the State of Delaware.

**COMPLAINT**

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is an American company that provides credit information to millions of consumers worldwide.

## STATUTORY BACKGROUND

14. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

15. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

16. Congress has chosen to protect the consumer's right to be fully informed regarding the consumer's creditworthiness by requiring consumer reporting agencies to make disclosures once during any 12-month period upon request of the consumer and without charge to the consumer. 15 U.S.C. § 1681j.

17. 15 U.S.C. § 1681h(b)(1) in turn provides only "[i]f authorized by a consumer, a consumer reporting agency may make the disclosures required under [15 U.S.C. § 1681(g) . . . (A) other than in writing; and (B) in such form as may be . . . specified by the consumer . . ."

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is and was an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

21. Plaintiff submitted to TransUnion by mail an annual consumer report request form in April of 2016.

22. In response to Plaintiff's request, Defendant sent Plaintiff an annual consumer report by way of two (2) audio CD's, received in April of 2016.

23. 15 U.S.C. § 1681h delineates the only permissible forms of disclosure and requires consumer authorization to provide alternative means of access to consumer reports.

24. Defendant's disclosure of Plaintiff's consumer report in the form of two (2) audio CD's was without Plaintiff's consent or permission and falls outside the scope of the permissible form of disclosure included in 15 U.S.C. § 1681h.

25. Through this conduct of providing Plaintiff with a consumer report in a format other than in writing without Plaintiff's specification or authorization, Defendant violated 15 U.S.C. § 1681h by providing the requested report by alternative means under 15 U.S.C. § 1681h.

26. Defendant did not provide Plaintiff with a copy of Plaintiff's free credit report in an appropriate and meaningful format when it was provided by means of two audio CDs.

27. When listening to the credit report in audio CD format at normal playback speed, it would take approximately 116 minutes to listen to Plaintiff's entire report, with 18 audio tracks on the 1st CD and 18 audio tracks on the 2nd CD.

28. The provision of the free credit report in audio CD format caused unnecessary delay, inconvenience and frustration to Plaintiff in that Plaintiff was required to listen to the report (played in a robotic voice) for a long period of time before becoming aware of the information in the TransUnion

report, which inhibited Plaintiff's ability to quickly identify and challenge any inaccuracies on the consumer report.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

30. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States of America whose consumer credit report from Transunion was provided to the consumer by means other than in writing without the consumers' specification or authorization within the five-year period prior to the filing of Plaintiff's Complaint.

31. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

32. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in unlawful practices, when it provided Plaintiff with a free annual consumer report in the form of two (2) audio CD's without Plaintiff's specification or authorization to make the disclosure by such alternative means under 15 U.S.C. §§ 1681 *et seq*. Plaintiff and the Class members were damaged thereby.

33. This suit seeks only recovery of statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

34. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents provided to consumers any consumer report by means other than in writing without the consent of members of the Class;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;

    c. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's conduct;

    d. Whether Plaintiff and the Class members are entitled to injunctive relief;

    e. Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs;

    f. Whether Plaintiff will fairly and adequately protect the interest of the Class; and,

    g. Whether Plaintiff's counsel will fairly and adequately protect the interest of the Class.

36. As a person who received an annual consumer report by means other than in writing without his specification or authorization, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no

interests antagonistic to any member of the Class.

37. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

38. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

39. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. §§ 1681-1692X (FCRA)**

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

43. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

44. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to damages of not less than $100 and not more than $1,000 and such amount as the court may allow for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;
- An award of statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant;
- Punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of any such amount as the court may allow for all other class members, against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendant; and,
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 15, 2016                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**


By: s/ Abbas Kazerounian
    ABBAS KAZEROUNIAN, ESQ.
    AK@KAZLG.COM
    ATTORNEY FOR PLAINTIFF